UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KURT HELMICH,

          Plaintiff,

v.                                  Case No. 3:20-cv-1216-J-20PDB

SHERIFF MIKE WILLIAMS,

          Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Kurt Helmich, a pretrial detainee at the Duval County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff alleges he has been denied access to the courts, medical care, and legal mail. See Compl. at 3. In explanation, Plaintiff says his privilege to use the electronic request service—the "Teleamate [sic] Tablet"—was suspended for thirty days. Id. at 5. According to Plaintiff, the tablet provides "the only means of putting in request[s] for law library, legal copies, medical complaints and not[a]ry services." Id. (internal punctuation omitted). As relief, Plaintiff seeks $50,000.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §

1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F.

2

App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). A civil rights action under § 1983 may not proceed on a theory of vicarious liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

First, Plaintiff does not seek relief from an individual who is responsible for an alleged deprivation. Rather, he seeks to hold Mike Williams responsible, apparently because of his title as Sheriff. Notably, Plaintiff does not allege Sheriff Williams personally engaged in the conduct of which he complains, nor does he allege facts otherwise demonstrating a causal connection between an alleged deprivation and Sheriff Williams's conduct. Thus, his claim, premised on a theory of vicarious liability, fails as a matter of law.

Second, even if Plaintiff had named an individual responsible for the alleged violation, he fails to state a plausible access-to-the-courts claim under

the First Amendment.[1] To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996); <u>see also</u> <u>Barbour v. Haley</u>, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." <u>Barbour</u>, 471 F.3d at 1225 (citations omitted). Plaintiff does not allege his suspension from using the tablet impeded his ability to pursue a nonfrivolous claim. For instance, he does not allege he missed a deadline in his pending criminal case. Indeed, a review of the state criminal docket shows that private counsel filed a notice of appearance on Plaintiff's behalf on November 23, 2020, after the judge granted his request to fire appointed counsel and proceed pro se.[2] <u>See</u> Duval County Clerk of Courts, CORE, Case No. 16-2014-CF-008326-AXXX-MA, available at https://core.duvalclerk.com/CoreCms.aspx (last visited Dec. 4, 2020). Because Plaintiff does not allege an "actual injury," he fails to state a plausible First Amendment claim.

Finally, had Plaintiff stated a plausible claim for relief against Sheriff Williams, his claim would be barred under the PLRA given he suffered no

---

[1] Plaintiff says his inability to access the tablet prevents him from submitting "medical complaints," though he does not allege that he suffers a medical condition that has gone untreated or ignored. <u>See</u> Compl. at 5.

[2] Plaintiff is in jail for violating the terms of his probation.

physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."). While the PLRA does not bar a plaintiff from seeking nominal damages, he must make such a request, either explicitly, by referencing the phrase "nominal damages," or implicitly, by requesting "other relief" in addition to seeking compensatory or punitive damages. See, e.g., Williams v. Langford, No. 2:13-cv-315-FtM-38CM, 2015 WL 163226, at *7 (M.D. Fla. Jan. 12, 2015) (finding claimed damages of $250,000 could not liberally be construed as "nominal," but because the plaintiff asked for "all other expenses," he could seek nominal damages in the amount of one dollar); Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (finding the plaintiff's request solely for punitive and compensatory damages did not encompass nominal damages).

Plaintiff seeks only compensatory damages in the amount of $50,000. Such a request for relief cannot be construed as one for nominal damages. Additionally, Plaintiff does not include a request for "other relief" or similarly inclusive language that could be construed as a request for nominal damages.

Accordingly, it is

**ORDERED:**

1.  This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this ⁷₄ day of December 2020.

_____
UNITED STATES DISTRICT JUDGE

Jax-6 12/4
c:     Kurt Helmich